# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALE GIBSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOWARD MOSELEY, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00230-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 11) |

　　　　Plaintiff Kendale Gibson is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's complaint in this action was filed on February 15, 2023. (ECF No. 1.)

　　　　On May 5, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 10.)

　　　　Plaintiff failed to file an amended complaint or otherwise respond to the May 5, 2023 order. Therefore, on June 13, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 11.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

## I.

## SCREENING REQUIREMENT

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On September 23, 2022, Plaintiff's wife traveled from Brooklyn, New York to California to bring Plaintiff's child to visit him. Plaintiff's wife presented the child's certified record of birth as required by California Code of Regulations, Title 15, section 3173(b). However, the unidentified sergeant and lieutenant would not allow the child to visit because the birth certificate was not from California.

Plaintiff filed a grievance for the denial of visitation. In an attempt to block Plaintiff's access to the courts, Defendant Rhodes rejected the grievance citing a regulation completely unrelated to visitation.

On December 12, 2022, Defendant Moseley knowingly violated the law and regulations after being told the cited regulation had nothing to do with visitation.

In retaliation, both Rhodes and Moseley conducted the adverse action of rejecting the grievance in violation of the First Amendment.

Defendants Rhodes and Moseley violated state law under California Government Code sections 52.1 and 815.2. Defendant also negligence under California Civil Code section 1714.

## III.

## DISCUSSION

### A.     First Amendment-Visitation Rights

The Due Process Clause prohibits states from "depri[ving] any person of life, liberty, or property, without the due process of law." U.S. Const. Amend. XIV, Section 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth, 408 U.S. 564, 566 (1972).

In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest. Sandin v. Conner, 515 U.S. 472 (1995). Under Sandin, a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin 515 U.S. at 484.

In this case, Plaintiff has failed to establish facts related to the conditions of his confinement which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." Sandin, 515 U.S. at 486. Specifically, Plaintiff alleges his due process rights were denied as the result of being denied family visitation privileges. However, family visitation is not a liberty interest that triggers due process protection. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular

visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause."); Kornegay v. Bailey, No. 12-CV-1616 JLS (MDD), 2013 WL 6229344, at *4 ("California has not created liberty interests by prisoners in either classification or visitation.") (quoting Stevens v. Robles, No. 06CV2072-LAB (LSP), 2008 WL 667407, at * (S.D. Cal. Mar. 6, 2008); see also Green v. Nieto, No. 11cv2023 BEN (BGS), 2011 WL 5975806 (S.D. Cal. Nov. 28, 2011) ("[t]he Due Process Clause does not guarantee a right of unfettered visitation").  Instead, "Plaintiff's inability to visit his family is an ordinary incident of prison life." Edwards v. Carey, No. CIV S-05-1353 LKK DAD P, 2008 WL 59155 (E.D. Cal. Jan. 3, 2008) (holding that CDCR's family visitation regulation does not impose an atypical and significant hardship) (citations omitted). Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B.     Retaliation**

Plaintiff contends that Defendants Rhodes and Moseley conducted the adverse action of rejecting the grievance in violation of the First Amendment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff has failed to state a cognizable retaliation claim. "[T]he denial of a grievance or appeal 'neither constitutes an adverse action that is more than *de minimis* nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities." Chacon v. Diaz, No. EDCV201898JWHKS, 2020 WL 7214292, at *5 (C.D. Cal. Sept. 28, 2020) (quoting Dicey v. Hanks, No. 2:14-CV-2018 JAM AC, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) (collecting cases and denying leave to amend because "denial of a grievance does not constitute an adverse action," report and recommendation adopted, No. 214CV2018JAMACP,

2015 WL 6163444 (E.D. Cal. Oct. 15, 2015); see also Allen v. Kernan, No. 316CV01923CABJMA, 2018 WL 2018096, at *7 (S.D. Cal. Apr. 30, 2018) (same), aff'd, 771 F. Appx 407 (9th Cir. 2019); Almy v. R. Bannister, No. 313CV00645MMDVPC, 2016 WL 11448946, at *6 (D. Nev. May 23, 2016) ("courts have generally concluded that the denial of a grievance or a disciplinary appeal without more does not meet the requisite threshold of adversity"), report and recommendation adopted sub nom. Almy v. Bannister, No. 313CV00645MMDVPC, 2016 WL 5419416 (D. Nev. Sept. 27, 2016)).

Therefore, Defendants' rejection of Plaintiff's grievances does not constitute an adverse action that is more than *de minimis* for retaliation purposes, and Plaintiff fails to state a retaliation claim.

**C.     Access to the Courts**

Plaintiff claims that he was denied access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Inmates have a "fundamental constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 828 (1977). The Ninth Circuit has recognized two different types of access-to-courts claims: those involving a right to "affirmative assistance," such as access to an adequate law library or help from "persons trained in the law," and those involving the right to litigate without "active interference." See Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (citations and alteration omitted), overruled on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). The right to affirmative assistance is limited to the pleading stage. Id.

Plaintiff has failed to demonstrate actual injury in being shut out of court. Accordingly, Plaintiff fails to state a cognizable claim for relief.

5

**D.     State Law Claims**

As an initial matter, in order to proceed with a state law claim, Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state laws are not sufficient to state a claim for relief under § 1983. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the Court has yet to find a cognizable claim.

In addition, under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990).

The Act's claims presentation requirements apply to state prisoners. Cal. Gov't Code § 945.6(c). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"1). Claims for "injury to person or to personal property" must be presented within six months after accrual. See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295, 171 P.3d 20 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. Cal. Gov't Code § 946.6.

Here, Plaintiff's complaint does not allege timely and proper compliance with the claims presentation provision of the Government Claims Act. "[F]ailure to timely present a claim for

6

money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." City of Stockton v. Superior Court, 42 Cal. 4th at 738 (citation and internal quotations omitted). "Compliance with California's claim filing statute is ... an element of a cause of action against the state." United States v. State of Calif., 655 F.2d 914, 918 (9th Cir. 1980) (citations omitted). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Rubenstein v. Doe No. 1, 3 Cal. 5th 903, 906, 221 Cal. Rptr. 3d 761 400 P.3d 372 (2017) (citation and quotations omitted).  Nonetheless, even if Plaintiff alleged compliance with the Government Claims Act, Plaintiff's claims fail on the merits.

      1.     <u>Bane Act</u>

Plaintiff alleges a claim for relief under section 52.1 of the California Civil Code, known as the Bane Act, which authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by coercion." Jones, 17 Cal.4th at 334; accord Venegas v. Cnty. of Los Angeles, 32 Cal.4th 820, 843 (Cal. 2004); Austin B. v. Escondido Union Sch. Dist., 57 Cal.Rptr.3d 454, 471–72 (Cal. Ct. App. 2007); McCue v. South Fork Union Elementary Sch., 766 F.Supp.2d 1003, 1010–11 (E.D. Cal. 2011) (defining threats and finding complaint failed to state section 52.1 claim); Fenters v. Yosemite Chevron, 761 F.Supp.2d 957, 996–98 (E.D. Cal. 2010) (discussing definition of threats, intimidation, and coercion within meaning of section 52.1). The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law. Austin B. v. Escondido Union Sch. Dist., 57 Cal.Rptr.3d at 472 (quotation marks omitted).

1   Because Plaintiff has failed to state a cognizable § 1983 claim against any Defendant, he
2 has failed to allege that his constitutional rights have been violated, which is a required element
3 for a Bane Act claim. See Scalia v. County of Kern, 308 F. Supp. 3d 1064, 1084 (E.D. Cal.
4 2018) ("A plaintiff bringing a claim pursuant to the Bane Act 'must show (1) intentional
5 interference or attempted interference with a state or federal constitutional or legal right, and (2)
6 the interference or attempted interference was by threats, intimidation or coercion.' ")
7 (quoting Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of*
8 *reh'g* (Mar. 6, 2015)); see also Jones v. Kmart Corp., 17 Cal. 4th at 338 (interpreting
9 the Bane Act's use of "interferes" to mean "violates"); Brown v. County of Mariposa, No. 1:18-
10 cv-01541-LJO-SAB, 2019 WL 1993990, at *12 (E.D. Cal. May 6, 2019) (denying a motion to
11 dismiss a Bane Act claim against certain defendants as to whom the plaintiff had
12 adequately stated a deliberate indifference claim, but dismissing the Bane Act claim against other
13 defendants as to whom plaintiff's allegations were deemed insufficient); Est. of Miller v. Cty. of
14 Sutter, No. 2:20-cv-00577-KJM-DMC, 2020 WL 6392565, at *18 (E.D. Cal. Oct. 30,
15 2020) (dismissing Bane Act claims against certain defendants for whom plaintiffs had not
16 sufficiently stated a cognizable § 1983 claim for deliberate indifference to their serious medical
17 needs). Accordingly, Plaintiff fails to state a cognizable claim under the Bane Act.

18   2.   Negligence

19   Under section 815.2, "[a] public entity, as the employer, is generally liable for the torts of
20 an employee committed within the scope of employment if the employee is liable." Thomas v.
21 City of Richmond, 9 Cal.4th 1154, 1157 (1995). Section 815.2 does not, in of itself, create a
22 standalone cause of action. Instead, it is the basis by which a plaintiff can bring a suit
23 for negligence on the part of an employee against the public entity employer. Here, Plaintiff fails
24 to set for sufficient facts to demonstrate that any Defendant acted with negligence. Accordingly,
25 even if Plaintiff stated a cognizable federal law claim, his state claim fails.

26                                      **IV.**

27               **FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

28   Here, the Court screened Plaintiff's complaint, and on May 5, 2023, an order issued

providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 10.) Plaintiff did not file an amended complaint or otherwise respond to the Court's May 5, 2023 order. Therefore, on June 13, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 11.) Plaintiff failed to respond to the June 13, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

1  In this instance, the public's interest in expeditious resolution of the litigation and the
2  Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA)
3  Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended
4  complaint within thirty days of May 5 28, 2023 and has not done so. Plaintiff's failure to comply
5  with the order of the Court by filing an amended complaint hinders the Court's ability to move
6  this action towards disposition. This action can proceed no further without Plaintiff's compliance
7  with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate
8  this action.

9  Since it appears that Plaintiff does not intend to litigate this action diligently there arises
10  a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,
11  1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

12  The public policy in favor of deciding cases on their merits is greatly outweighed by the
13  factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order
14  for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies
15  in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended
16  complaint or respond to the order to show cause and this action cannot simply remain idle on the
17  Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's
18  failure to comply with the Court's orders.

19  Finally, a court's warning to a party that their failure to obey the court's order will result
20  in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;
21  Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's May 5, 2023, order
22  requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
23  amended complaint in compliance with this order, the Court will recommend to a district judge
24  that this action be dismissed consistent with the reasons stated in this order." (ECF No. 10.) In
25  addition, the Court's June 13, 2023, order to show cause specifically stated: "Plaintiff's failure to
26  comply with this order will result in a recommendation to dismiss the action for the reasons stated
27  above." (ECF No. 11.) Thus, Plaintiff had adequate warning that dismissal would result from her
28  noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the May 5, 2023 and June 13, 2023 orders and failure to prosecute this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a cognizable claim for relief, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 7, 2023**

UNITED STATES MAGISTRATE JUDGE